DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, William Barnett, appeals from the judgment of the Wayne County Court of Common Pleas convicting him of criminal trespass. We affirm the judgment of the lower court.
 {¶ 2} Defendant was indicted on January 5, 2005 for one count of Attempted Burglary, in violation of R.C. 2923.02 and 2911.12, a fifth degree felony. Defendant entered a plea of not guilty on January 12, 2005. Having waived his right to a jury trial, Defendant's case proceeded to a bench trial on September 8, 2005, concluding on September 12, 2005.
 {¶ 3} On September 13, 2005, the trial court found Defendant not guilty of attempted burglary, but found him guilty of the lesser included offense of criminal trespass, in violation of R.C. 2911.21, a first degree misdemeanor.
 {¶ 4} On October 18, 2005, Defendant was sentenced to 30 days in the Wayne County Jail and ordered to pay a fine of $250.00. Defendant's jail sentence was continued pending the outcome of the instant appeal, in which he asserts a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred when it found [Defendant] guilty of criminal trespass, in violation of R.C. 2911.21, despite the State's failure to prove [Defendant] was on the premises unlawfully or with the purpose to commit a criminal offense."
 {¶ 5} In his only assignment of error, Defendant maintains that his conviction for criminal trespass was against the manifest weight of the evidence. We disagree.
 {¶ 6} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. SykesConstr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 7} In the instant case, Defendant was convicted of criminal trespass, in violation of R.C. 2911.21(A)(1), which provides that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]"
 {¶ 8} Around 3:00 am on July 14, 2004, David Liggins heard a very loud noise, like glass breaking, outside of his residence. He looked outside of his window and saw a window screen leaning against the wall of the apartment building at 640 Arlington; located 20 yards away from where he was standing. He saw a medium sized black male with an afro wearing a white shirt and shorts walking from the window screen, entering the door to the apartments, and walking downstairs. Believing a burglary or attempted burglary to be taking place, Mr. Liggins called 911. Officer Thomas Webber was dispatched. On his way to the location, he saw Defendant, whom he had known, riding away on a bicycle. Defendant matched Mr. Liggins' description of the man he had seen outside of the apartment at 640 Arlington.
 {¶ 9} At 640 Arlington, Officer Webber noticed that the screen was pulled out of the window and set to the side, and there was a broken pane of glass, the fragments of which were lying outside on the ground. On some of the pieces of glass, Officer Webber noticed that there were drops of blood. He also noticed bicycle tracks leading away from the window.
 {¶ 10} Two other patrolmen went to Defendant's residence and observed a bicycle leaning up against the garage. They called Officer Webber who went to the residence, and he saw the bicycle had traces of blood on the right handle of the bike and also on the brake lever.
 {¶ 11} Officer Webber collected some of the pieces of glass containing blood as well as the brake lever from the bicycle and packaged them and placed them into evidence.
 {¶ 12} Officer Webber contacted Defendant who admitted that he was at the apartment at 640 Arlington early in the morning of July 14, 2004, looking for his friend Johnny. Defendant stated that he did not realize that the window pane was broken until he knocked on it and cut his hand. He stated that he thereafter got on his bike and rode home.
 {¶ 13} Defendant agreed to submit DNA samples. His DNA was compared with the blood that was found on the glass taken from the apartment at 640 Arlington and was found to be a match, a fact to which a stipulation was entered.
 {¶ 14} Johnny Wright testified that on July 14th of 2004 he lived by himself at 640 Arlington Place, Suite A, in Wooster Ohio. He had been arrested on July 13th and, as he could not pay for bail, did not return to his residence until after July 14, 2004. Mr. Wright testified that when he left his apartment on July 13th, there were no broken windows, the screen was in its proper place, and he had not given anyone permission to enter his apartment on the night of the 13th of July or the early morning hours of the 14th of July. Mr. Wright stated that he knew Defendant from church, but that he had never given him permission to enter his apartment while he was not there. He stated that Defendant had never been inside of his apartment at 640 Arlington, and that he certainly did not have permission to enter the building on July 14, 2005.
 {¶ 15} From the evidence presented, the trier of fact could reasonably find that Defendant was guilty of criminal trespass. The evidence persuades us that the trier of fact neither lost its way nor created a manifest miscarriage of justice in convicting Defendant.
 {¶ 16} Defendant's sole assignment of error is overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Whitmore, J., concur.